1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR JOSEPH RODELLA,

11          Plaintiff,                    No. CIV S-09-0794 GEB EFB P

12          vs.

13   TERRY JACKSON, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently before the court are plaintiff's motion to compel and for an extension

18   of the discovery deadline.

19   **I.     Motion to Compel**

20          In Plaintiff's Requests for Production of Documents (Set One), plaintiff asked defendants

21   Jackson and Hibbits, correctional officers for the California Department of Corrections and

22   Rehabilitation ("CDCR"), to produce: (1) "Documentation of security and investigation

23   camcorder interview noteing [sic] or documented [sic] injuries conducted on July 30 208 [sic]"

24   (RFP No. 5) and (2) "Documentation of camcorder interview conducted by Sgt. Marsh and

25   correctional officer Jose Flores" (RFP No. 6).  Dckt. No. 80, Defs.' Opp'n to Pl.'s Mot. to

26   Compel, Ex. A at 3.  Defendants responded to both requests: "Other than attached documents,

1

1    Responding Parties do not have possession, custody or control of any such documents."  *Id.*  The

2    documents produced by defendants do not describe the camcorder interviews and no videotape

3    of the interviews was produced.

4         Plaintiff now seeks an order compelling defendants to produce, as best as the court can

5    understand, the video of the camcorder interviews described in plaintiff's RFPs.  Dckt. No. 75.

6    Defendants oppose the motion, arguing that the requested videos are not in their possession,

7    custody, or control.  Dckt. No. 80 at 2.  According to defendants, the requested items "are

8    believed to be in the possession of the institution's (High Desert State Prison) ISU (Investigative

9    Services Unit) unit," where defendants do not work.  *Id.*  Defendants further argue that any other

10   documents responsive to plaintiff's requests are also not in their possession but rather are in

11   plaintiff's central file at Salinas Valley State Prison, where defendants do not work.  Plaintiff

12   counters that defendants have full access to ISU officials and could easily obtain the videos.

13   Dckt. No. 81, Pl.'s Reply In Supp. of Mot. to Compel at 1.  Plaintiff further argues that

14   defendants have access to other responsive documents, specifically "documents of the injuries

15   done by Sgt. C. Lockard and Correctional Officer Jose Flores" and "documentations [sic] done

16   by ((ISU)) correctional officers M. Wheeler and G. Griep."  *Id.* at 2.

17        The court is not receptive to defendants' argument that the videos and potentially other

18   responsive documents are not within their personal possession but rather are located with

19   different arms of the CDCR or in plaintiff's central file.  In the court's experience, "individual

20   defendants who are employed by CDCR can generally obtain documents, such as the ones at

21   issue here, from CDCR by requesting them.  If this is the case, then, based on their relationship

22   with CDCR, they have constructive control over the requested documents and the documents

23   must be produced."  *Nible v. Knowles*, No. 1:06-CV-01716-DLB PC, 2011 U.S. Dist. LEXIS

24   61557, at *11-13 (E.D. Cal. June 1, 2011); *see also Mitchell v. Adams*, No. CIV S-06-2321 GEB

25   GGH P, 2009 U.S. Dist. LEXIS 24289, at *24-25 (E.D. Cal. Mar. 6, 2009) (even though

26   defendant warden was sued in his individual capacity, he had constructive control over requested

1  documents because he had authority to obtain the requested documents from third party CDCR).

2          Accordingly, the court will grant plaintiff's motion to compel further responses to RFP

3  Nos. 5 and 6, and defendants shall request the responsive items from CDCR and provide further

4  responses within 30 days of the date of this order.

5  **II.      Modification of the Scheduling Order**

6          On August 22, 2011, plaintiff filed a motion to extend the discovery deadline from the

7  current deadline of August 12, 2011 to September 2, 2011, citing limited law library time and

8  difficulties obtaining medical records.  Dckt. No. 83.  The court did not act immediately on the

9  request in order to provide defendants with time to oppose it, but defendants have filed no

10 opposition.  Accordingly, the court will grant the motion, and the discovery and scheduling order

11 of April 26, 2011 (Docket No. 71) will be modified.

12 **III.     Order**

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.  Plaintiff's June 10, 2011 motion to compel (Docket No. 75) is granted, and defendants

15 shall request items responsive to the request from CDCR and provide further responses and file

16 in this court proof of service thereof within 30 days of the date of this order.

17         2.  Plaintiff's August 22, 2011 motion to extend the discovery deadline (Docket No. 83)

18 is granted, and the discovery and scheduling order of April 26, 2011 (Docket No. 71) is modified

19 to allow the parties to conduct discovery until November 30, 2011.  Because the discovery

20 completion deadline now extends beyond the dispositive motion deadline, the court extends that

21 deadline as well.  Accordingly, dispositive motions shall be filed not later than February 1, 2012.

22 DATED:  October 27, 2011.

23

24                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE
25

26

                                            3