IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR JOSEPH RODELLA,

        Plaintiff,                          No. CIV S-09-0794 GEB EFB P

    vs.

TERRY JACKSON, et al.,

        Defendants.                  <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's motion to compel and for an extension of the discovery deadline.

**I.    Motion to Compel**

        In Plaintiff's Requests for Production of Documents (Set One), plaintiff asked defendants Jackson and Hibbits, correctional officers for the California Department of Corrections and Rehabilitation ("CDCR"), to produce: (1) "Documentation of security and investigation camcorder interview noteing [sic] or documented [sic] injuries conducted on July 30 208 [sic]" (RFP No. 5) and (2) "Documentation of camcorder interview conducted by Sgt. Marsh and correctional officer Jose Flores" (RFP No. 6). Dckt. No. 80, Defs.' Opp'n to Pl.'s Mot. to Compel, Ex. A at 3. Defendants responded to both requests: "Other than attached documents,

1

Responding Parties do not have possession, custody or control of any such documents." *Id.* The documents produced by defendants do not describe the camcorder interviews and no videotape of the interviews was produced.

Plaintiff now seeks an order compelling defendants to produce, as best as the court can understand, the video of the camcorder interviews described in plaintiff's RFPs. Dckt. No. 75. Defendants oppose the motion, arguing that the requested videos are not in their possession, custody, or control. Dckt. No. 80 at 2. According to defendants, the requested items "are believed to be in the possession of the institution's (High Desert State Prison) ISU (Investigative Services Unit) unit," where defendants do not work. *Id.* Defendants further argue that any other documents responsive to plaintiff's requests are also not in their possession but rather are in plaintiff's central file at Salinas Valley State Prison, where defendants do not work. Plaintiff counters that defendants have full access to ISU officials and could easily obtain the videos. Dckt. No. 81, Pl.'s Reply In Supp. of Mot. to Compel at 1. Plaintiff further argues that defendants have access to other responsive documents, specifically "documents of the injuries done by Sgt. C. Lockard and Correctional Officer Jose Flores" and "documentations [sic] done by ((ISU)) correctional officers M. Wheeler and G. Griep." *Id.* at 2.

The court is not receptive to defendants' argument that the videos and potentially other responsive documents are not within their personal possession but rather are located with different arms of the CDCR or in plaintiff's central file. In the court's experience, "individual defendants who are employed by CDCR can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced." *Nible v. Knowles*, No. 1:06-CV-01716-DLB PC, 2011 U.S. Dist. LEXIS 61557, at *11-13 (E.D. Cal. June 1, 2011); *see also Mitchell v. Adams*, No. CIV S-06-2321 GEB GGH P, 2009 U.S. Dist. LEXIS 24289, at *24-25 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested

documents because he had authority to obtain the requested documents from third party CDCR).

Accordingly, the court will grant plaintiff's motion to compel further responses to RFP Nos. 5 and 6, and defendants shall request the responsive items from CDCR and provide further responses within 30 days of the date of this order.

**II.     Modification of the Scheduling Order**

On August 22, 2011, plaintiff filed a motion to extend the discovery deadline from the current deadline of August 12, 2011 to September 2, 2011, citing limited law library time and difficulties obtaining medical records.  Dckt. No. 83.  The court did not act immediately on the request in order to provide defendants with time to oppose it, but defendants have filed no opposition.  Accordingly, the court will grant the motion, and the discovery and scheduling order of April 26, 2011 (Docket No. 71) will be modified.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 10, 2011 motion to compel (Docket No. 75) is granted, and defendants shall request items responsive to the request from CDCR and provide further responses and file in this court proof of service thereof within 30 days of the date of this order.

2. Plaintiff's August 22, 2011 motion to extend the discovery deadline (Docket No. 83) is granted, and the discovery and scheduling order of April 26, 2011 (Docket No. 71) is modified to allow the parties to conduct discovery until November 30, 2011.  Because the discovery completion deadline now extends beyond the dispositive motion deadline, the court extends that deadline as well.  Accordingly, dispositive motions shall be filed not later than February 1, 2012.

DATED: October 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE