IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR JOSEPH RODELLA,

    Plaintiff,                  No. CIV S-09-0794 GEB EFB P

    vs.

TERRY JACKSON, et al.,

    Defendants.        ORDER
_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's motions to depose defendants by written question (Docket No. 89) and to compel further discovery responses from defendants (Docket Nos. 94, 97, 98).

      Plaintiff filed a motion for "deposition upon written questions," in which he requests that defendants Jackson and Hibbits respond to interrogatories. Dckt. No. 89. Plaintiff then addresses six interrogatories to defendant Jackson. As the court has previously informed plaintiff, discovery requests must be served on the person or party from whom plaintiff seeks discovery and not filed with the court "until there is a proceeding in which the document or proof of service is at issue." *See* Dckt. No. 85; E.D. Cal. Local Rules 250.2-250.4. To the extent plaintiff has merely filed his discovery request with the court, it will be disregarded. To the

1

extent plaintiff is requesting leave of court for depositions by written question, the motion will be denied for failure to comply with Rule 31 of the Federal Rules of Civil Procedure. Under Rule 31, a party may depose any person by written questions. Unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the questions, certify them, and send them to the noticing party. Fed. R. Civ. P. 31(b), 30(b)(5). It appears as though plaintiff has not complied with this requirement. Moreover, defendants have opposed plaintiff's motion and have not indicated a willingness to stipulate to plaintiff deposing them by written questions in some manner not requiring the participation of a deposition officer. *See* Dckt. No. 92. Accordingly, plaintiff's request to depose defendants by written questions is denied.

The court construes three of plaintiff's filings (Docket Nos. 94, 97, 98) as motions to compel discovery. Plaintiff apparently seeks from defendants a copy of a video interview, and a copy of a compact disc. On October 27, 2011, the court ordered defendants to produce certain video interviews to plaintiff, and directed defendants to file a proof of service of those responses with the court. Dckt. No. 86. Defendants responded by filing the declaration of the Evidence Officer at High Desert State Prison, who stated that the requested video could not be located, and that he believed that the video at issue might have been destroyed in a flood that occurred on December 14, 2009. Dckt. No. 88. In his December 5, 2011 motion to compel, plaintiff again requests a copy of the video, and states that a disc that was sent to him was confiscated. Dckt. No. 94. Defendants responded to that motion, explaining that they did not produce the video interviews because they are presumed destroyed in the flood. Dckt. No. 96. They also explained that because plaintiff stated that the disc they had sent to him was confiscated, they would be forwarding him hard copies of the photographs that were contained on that disc. Dckt. No. 96. In response, plaintiff expressed doubt as to the likelihood of a flood destroying the requested video, and concern that the defendants were concealing the contents of the disc that had been

1 confiscated from him. Dckt. Nos. 97, 98. Defendants indicate that they have forwarded plaintiff
2 hard copies of the photographs contained on the disc that was confiscated from plaintiff, and it
3 appears from plaintiff's filings that he is in possession of those photographs. *See* Dckt. No. 98.
4 Additionally, defendants have produced a declaration from the Evidence Officer stating under
5 penalty of perjury that the requested video interview could not be located and may have been
6 destroyed. *See* Dckt. No. 88. Plaintiff apparently seeks the video to offer proof of his alleged
7 injuries, but he may be able to rely on other evidence, such as medical records or declarations, to
8 prove the same. Moreover, plaintiff has not demonstrated that the requested video is in
9 defendants' possession, custody or control. *See United States v. Int'l Union of Petroleum and*
10 *Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (party seeking production bears the burden
11 of showing that the opposing party has control of the requested discovery). Accordingly,
12 plaintiff's motion to compel are denied.

13    Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (Docket Nos. 89, 94,
14 97, 98) are denied.

15 DATED: January 30, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE