1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR JOSEPH RODELLA,

11          Plaintiff,                 No. CIV S-09-0794 GEB EFB P

12      vs.

13   TERRY JACKSON, et al.,            ORDER DIRECTING THE FILING OF
                                       PRETRIAL STATEMENTS

14          Defendants.

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On October 27, 2011, the court extended the deadline for filing dispositive

18   motions to February 1, 2012, but neither plaintiff nor defendants filed a dispositive motion.  The

19   court now directs the parties to file pretrial statements in accordance with Local Rule 281.

20       Plaintiff is hereby advised that failure to comply with the procedures set forth below may

21   result in the preclusion of any and all witnesses named in his pretrial statement.

22       At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged

23   facts in support of his claims.  Trial evidence generally takes the form of: (a) exhibits; and (b)

24   witness testimony.  It is plaintiff's responsibility to produce all of the evidence to prove his case,

25   whether that evidence is in the form of exhibits or witness testimony. If plaintiff wants to call

26   witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the

1

1    trial and available to testify.

2        The following procedures apply for calling witnesses:

3    I.    Obtaining Attendance of an Incarcerated Witness Who Intends to Testify

4          Voluntarily

5        A witness who is willing to testify without the compulsion of a subpoena, but who is

6    imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian

7    to produce him at the time of trial.  The court will issue such an order only upon a showing that

8    the witness has agreed to testify voluntarily and has actual knowledge of relevant facts.

9        Therefore, a party intending to introduce testimony from such a witness must file *with his*

10   *pretrial statement* a motion for an order directing the witness's custodian to produce the witness

11   for trial.  The motion must:

12       1.  Identify the witness by name, California Department of Corrections and Rehabilitation

13   number, and address;

14       2.  Include affidavits showing that the witness intends to testify voluntarily.  This

15   intention can be shown as follows:

16           A.  The *party* can swear by affidavit that the witness has communicated to him an

17   intention to testify voluntarily.  The affidavit must include a statement of when and where the

18   prospective witness informed the party of this willingness; or

19           B.  The *witness* can swear by affidavit that he is willing to testify without the

20   compulsion of subpoena.                                    .

21       3.  Include affidavits showing each witness has actual knowledge of relevant facts.  The

22   witness's knowledge can be shown as follows:

23           A.  The *party* can swear that he knows the witness saw or heard relevant facts.

24   For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was

25   present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify;

26   or,

B.   The *witness* can swear to the relevant facts he observed.

Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.   <u>Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily</u>

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must *with his pretrial statement* file a motion for an order directing that witness to appear.  Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

III.   <u>Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily</u>

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily.  However, the party is responsible for ensuring attendance of such a witness.

IV.   <u>Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony, and who proceeds *in forma pauperis*, must complete a subpoena and submit it to the court.  Blank subpoena forms may be obtained from the Clerk of the Court.  Completed subpoenas must be submitted *not earlier than four weeks and not later than two weeks before trial*.  Along with a completed subpoena, the party must also tender a money order payable to the witness in the amount of the daily witness fee, $40.00, *plus the witness's travel expenses*.  The court *will not order the*

*United States Marshal to serve a subpoena upon an unincarcerated witness without the witness fee and travel expenses having been tendered.*   No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding *in forma pauperis* must tender such fees.  Upon receipt of a completed subpoena and money order, the court will then forward those materials to the United States Marshal for service upon the witness.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Within thirty days of the date of this order, plaintiff shall file and serve a pretrial statement and any motions necessary to obtain the attendance of witnesses at trial.  Plaintiff is advised that failure to file a pretrial statement in accordance with this order may result in the imposition of sanctions, including dismissal of this action.

2.  Defendants shall file a pretrial statement not later than thirty days after the filing of plaintiff's statement.

3.  Pretrial conference (as described in Local Rule 282) will be conducted on the file only, without appearance by either party.

4.  The date for jury trial before the assigned district judge will be set in the pretrial order.

DATED:   February 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4